[No. 6335.   Decided December 20, 1906.]

W. S. CONRAD, *Respondent*, v. CARRIE M. MERTZ, *Appellant.*[1]

HUSBAND AND WIFE—COMMUNITY DEBT—SALE ON CREDIT OF WIFE.
Upon a sale of goods to be used in a community business, the sep-
arate estate of the wife is liable as well as the community, where it
appears that the goods were shipped and bills rendered in her name
without objection, and that the sale was made, in part at least, upon
her individual credit.

Appeal from a judgment of the superior court for Spo-
kane county, Poindexter, J., entered January 16, 1906, upon
findings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action to recover the
price of goods sold and delivered.   Affirmed.

*Del. Cary Smith, L. J. Birdseye,* and *George M. Ferris,*
for appellant.

*R. J. Danson,* for respondent.

ROOT, J.—Respondent brought this action against appel-
lant and her husband for goods, wares and merchandise al-
leged to have been sold and delivered to them both, and ob-
tained judgment against each and the community which they
constituted.   From this judgment the wife appeals.

It is urged that that part of the judgment running
against her separate estate is erroneous in that the judg-
ment was for goods purchased and used in a business con-
ducted by the community, and not for her separate individual
benefit.   It appears, however, from the evidence that the
goods were sold to both of the spouses and upon the credit
of each and both.   At the request of the husband, the goods
were shipped in the wife's name and bills therefor rendered
in her name, to which no exception or objection was ever
taken or made by her.   We think it is made satisfactorily

[1]Reported in 87 Pac. 1118.

to appear that she was a party in her individual capacity to the making of the purchases, or that they were in part, at least, upon her credit. The testimony of the respondent to the effect that he sold and delivered the property to both appellant and husband was not disputed by any evidence from either.

Finding no error in the judgment of the trial court it is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, and DUNBAR, JJ., concur.